UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |  |
|---|---|---|
| KEIRON KENNETH HOLMES, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV424-030 |
| | ) | |
| JUDGE PENNY HAUS FREESEMANN, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Before the Court is the Magistrate Judge's February 12, 2024 Report and Recommendation, doc. 5, to which objections have been filed, docs. 6, 7, 8. Petitioner's "response" to the Report and Recommendation, which the Court construes as an objection, does not dispute the Magistrate Judge's finding that Petitioner has not exhausted available state remedies. *See generally* doc. 6; *see also* doc. 5 at 3-4. The Court, therefore, proceeds to consider his formal objections. Docs. 7, 8.

Holmes objects to the Magistrate Judge's recommendation that his habeas petition, pursuant to 28 U.S.C. § 2241, be dismissed as

unexhausted. Doc. 7. He asserts that he has, in fact, exhausted available state remedies and that he is deprived of access to state remedies. *Id.* at 1. That assertion is based on an Order from the Superior Court of Chatham County denying Holmes' state habeas petition. *Id.*; *see also id.* at 12-13. Holmes also contends that unspecified filings in the Superior Court have not been properly addressed. *See id.* at 1 (alleging he "was denied access to the courts by respondents due to the failure to reply to letters, motions / petitions[,] etc."). His Objection does not address the Magistrate Judge's discussion of whether this Court should abstain from considering Holmes' Petition, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *See generally id.*; *see also* doc. 5 at 4-5.

Holmes' assertion that he has exhausted state remedies is clearly incorrect. His Petition challenged "pretrial detention." Doc. 1 at 1. The Order attached to his Objection considers challenges to a 2022 conviction. Doc. 7 at 12. To the extent that Holmes seeks federal habeas relief related to his 2022 conviction, he remains free to file a petition pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a) (providing remedy for "a person in custody pursuant to the judgment of

2

a State court . . . ."). The attached Order makes clear that "Holmes was arrested on new charges on January 17, 2023, and remains incarcerated on those charges as of," June 2023. Doc. 7 at 12 n. 2. Whatever proceedings Holmes may have undertaken to challenge his 2022 conviction, those challenges cannot serve to exhaust his challenges to his pretrial detention "on new charges." *See, e.g., Johnson v. Florida*, 32 F.4th 1092, 1096 (11th Cir. 2022) ("It is not sufficient merely that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made."). Moreover, even assuming that the Order were relevant to his current Petition, there is no suggestion that it was appealed. *See generally* doc. 7. Since exhaustion requires presentation of claims to "the state's highest court," *Johnson*, 32 F.4th at 1096, that Order would not alter the Magistrate Judge's conclusion that Holmes failed to exhaust available state remedies.

Holmes' Objection also contends that unspecified filings in the Superior Court have not been properly addressed. *See* doc. 7 at 1 (alleging he "was denied access to the courts by respondents due to the

3

failure to reply to letters, motions / petitions[,] etc."), 4 (complaining that "many of my letter [sic] that was sent to the court and / or all parties went unanswered."). It is not clear that the Superior Court has any obligation "to reply to letters." To the extent that he contends that procedurally proper filings in the Superior Court are not timely addressed, Georgia law permits him to seek a writ of mandamus. *See, e.g., Jackson v. Walker*, 206 F. App'x 967, 969 (11th Cir. 2006). Holmes points to no authority that this Court may excuse his obligation to exhaust state remedies because he believes his filings should be addressed faster. In fact, *Jackson* expressly held that, where mandamus was available to compel a judicial ruling, the petitioner had not exhausted available state remedies. *Id.* His vague objections to unspecified proceedings in the Superior Court, therefore, do not affect the Magistrate Judge's conclusion that he has not exhausted available state remedies.

After a careful *de novo* review, the Court agrees with the Magistrate Judge's recommendation. The Court, therefore, **ADOPTS** the Report and Recommendation, doc. 5, as supplemented above, as its opinion and **DISMISSES without prejudice** Petitioner's Petition for

Writ of Habeas Corpus, doc. 1, as unexhausted. *See, e.g.,* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this \_\_15\_\_ day of March, 2024.

_____
LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA